IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRITTANY ALLISON,

       Plaintiff,

vs.                                                            No. 18-cv-401 KG/SCY

CITY OF FARMINGTON,
FARMINGTON POLICE DEPARTMENT,
STEVEN HEBBE, in his individual capacity, AND
BRIAN JOHNSTON, in his individual capacity.

       Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO DISMISS COUNT I AND COUNT III OF PLAINTIFF'S COMPLAINT**

      **COMES NOW** Plaintiff, Brittany Allison [hereinafter "Allison"], by and through her attorney of record, Law Offices of Michael E. Mozes, P.C., and hereby submits her Response to Defendants' Motion to Dismiss Count I and Count III of the Plaintiff's Complaint. As grounds therefor, Allison states as follows:

### I. INTRODUCTION

      As a general proposition, Allison does not dispute Defendants' rendition of applicable law with respect to the legal standard on a motion to dismiss nor the restriction of damages in 29 U.S.C. § 207(r) to unpaid wages. However, Allison does dispute Defendants' claim that Allison has not accrued unpaid wages in this matter. Therefore, the central thrust of Allison's argument herein is that she be permitted to amend her Complaint to include such damages. The procedural status of this matter is that we are in the early stages of discovery, no depositions have been taken, and it works no prejudice to Defendants to allow amendment of the Complaint at this early stage of litigation.

## II. ARGUMENTS AND AUTHORITIES

### A. Damages Under 29 U.S.C. § 207(r).

A private right of action exists under 29 U.S.C. § 207(r) of the FLSA for violations of this statutory provision. *Clark v. City of Tucson*, 2018 U.S. Dist. LEXIS 69547 **14-15 (D. Ariz. 2018); *Tolene v. T-Mobile, USA, Inc.*, 178 F.Supp.3d 674, 679 (N.D. Ill. 2016); *Lico v. TD Bank*, 2015 U.S. Dist. LEXIS 70978 **5-6 (E.D.N.Y. 2015). The courts have found the enforcement mechanism of 29 U.S.C. § 216(b) provided for the following remedies for violations of § 207(r): (1) lost wages; (2) liquidated damages; (3) reasonable attorney's fees; and (4) costs. *178 F.Supp.3d at 679; Lico*, 2015 U.S. Dist. LEXIS at *3.

In this particular matter, working off the pay stubs Allison was able to gather from the pertinent one-year period following her return to work, Allison was forced to use over 100 hours of leave and comp time in order to deal with the health problems occasioned by Defendants failures to provide the accommodations required under the FLSA and the New Mexico Breast Pump Act (NMBPA). These wage losses are compensable under 207(r). Furthermore, it remains unknown at this stage of the litigation whether allowable breaks under 207(r) and the NMBPA are compensable under the regulations and the policies of the City of Farmington and, particularly, the Farmington Police Department. In any case, these issues constitute fact matters requiring discovery and proof.

Moreover, Exhibit A to Defendants' Motion to Dismiss incorrectly states the substance of applicable statutes when it claims that "[t]here are no existing penalties under Civil Rights statutes." This is unsurprising since the Fiscal Impact Report, Exhibit A, states clearly on page 1, "[Fiscal impact reports (FIRs) are prepared by the Legislative Finance Committee (LFC) for standing finance committees of the NM Legislature. THE LFC does not assume responsibility

for the accuracy of these reports if they are used for other purposes." The case law interpreting the relevant FLSA statutory provisions cited above clearly provides for penalties and remedies in the form of damages and payment of other fees and costs. The FIR presented by Defendants is not dispositive of any issue set forth in the Motion to Dismiss.

Allison has contacted opposing counsel regarding the request to amend the Complaint to include the allegations in the above paragraph and Defendants' counsel, despite a subsequent number of communications between counsel related to this matter, has failed to respond. Allison intends to file a pleading directed to amendment under FRCP 15(a)(2) in order to more fully present her arguments before the Court.

Wherefore, Allison respectfully requests that the Court deny Defendants' Motion to Dismiss, allow Allison to filed an Amended Complaint to include her claims of lost wages under 29 U.S.C. §207(r), and for such further relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

LAW OFFICES OF MICHAEL E. MOZES, P.C.

*/s/Michael E. Mozes*
Michael E. Mozes
Attorney for the Plaintiff
5732 Osuna Road NE
Albuquerque, NM 87109-2527
(505) 880-1200
Michael@mozeslawoffice.com

**I HEREBY CERTIFY** that a copy of the foregoing pleading was sent on October 8th, 2018 to opposing counsel of record, Brian K. Nichols, Esq., and Mia K. Lardy, Esq., through the Court's electronic CM/ECF system, as reflected on the Notice of Electronic Filing.

*/s/ Michael E. Mozes*
Michael E. Mozes