IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRITTANY ALLISON,

    Plaintiff,

vs.                                            No. CV 18-401 KG/SCY

CITY OF FARMINGTON,
FARMINGTON POLICE DEPARTMENT,
STEVEN HEBBE, in his individual capacity, and
BRIAN JOHNSTON, in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants City of Farmington, Farmington Police Department, Steven Hebbe, and Brian Johnston's (Defendants) Motion to Dismiss Count I and Count III of Plaintiff's Complaint, filed September 20, 2018 (Doc. 21), and Plaintiff Brittany Allison's Opposed Motion for Leave to Amend Complaint, filed October 9, 2018 (Doc. 27). Allison filed her response to Defendants' Motion on October 8, 2018, and did not file a reply in support of her Motion. (Docs. 26 and 40). Defendants filed their reply in support of their Motion on October 18, 2018, and their response to Plaintiff's Motion on October 22, 2018. (Docs. 29 and 32). Having considered the briefing, the record, and the applicable law, the Court grants Defendants' Motion to Dismiss Count I and Count III of Plaintiff's Complaint (Doc. 21) and denies Allison's Opposed Motion for Leave to Amend Complaint (Doc. 27).

I.  Background and Procedural History[1]

The Farmington Police Department (FPD), a department of the City of Farmington (COF), hired Plaintiff Brittany Allison as a police officer on June 23, 2013. (Doc. 1) at ¶ 11. COF approved Allison for leave under the Family and Medical Leave Act (FMLA) on September 21, 2016, for leave effective from September 14, 2016, through November 27, 2016. (*Id.*) at ¶ 13. Allison took leave because she was pregnant and gave birth to her first child. (*Id.*)

Allison returned to duty on November 28, 2016, and worked the swing shift. (*Id.*) at ¶ 14. She informed Tamara Smith, her supervisor, that she was breast-feeding and would need to adequate breaks to pump breast milk. (*Id.*) at ¶ 15. Smith afforded Allison adequate breaks and complied with her requests. (*Id.*)

On January 8, 2017, Allison switched to day shift and Defendant Corporal Brian Johnston (Johnston) became her supervisor. (*Id.*) at ¶¶ 16-17. Johnston instituted a lunch break schedule that impacted Allison's ability to pump breast milk on her lunch break and during the work day. (*Id.*) at ¶¶ 17-18. Allison experienced multiple days during which she could not take a lunch break and would go ten (10) hours between pumping. (*Id.*) at ¶ 19.

Allison and her child experienced myriad issues as a result of her inability to pump regularly. Allison complained to Johnston numerous times and specifically requested accommodations, but Johnston did not accommodate her situation. Allison addressed the issue

---

[1] All facts in this section come from Allison's Complaint for Damages from Constitutional Violations, 42 U.S.C. § 1983, Violations of the Family and Medical Leave Act, Violations of the Fair Labor Standards Act, 29 U.S.C. § 207(r), Violations of the New Mexico Whistleblowers' Protection Act, Violations of the New Mexico Breast Pump Use Act, NMSA § 28-20-2, and Violations of New Mexico Common Law, filed April 30, 2018. (Doc. 1). The Court addresses only those facts relevant to resolving the motions at issue.

with FPD Chief Steven Hebbe at a regularly scheduled meeting in June 2017. Chief Hebbe did not help.

Allison does not allege any unpaid wages as a result of FPD's failure to accommodate her.

Now, Allison brings nine claims for relief under various state and federal statutes. Relevant to these motions are Count I, Violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(r), and Count III, Violations of the New Mexico Breast Pump Use Act (NMBPUA), NMSA 2010 § 28-20-2.

Defendants' Motion to Dismiss (Doc. 21) and Allison's Motion to Amend (Doc. 27) implicate the same statutory provisions. Defendants move to dismiss Counts I and III of Allison's Complaint for failure to state a claim upon which relief can be granted. Specifically, Defendants argue that Allison's failure to plead unpaid wages defeats her FLSA claim in Count I, and that Count III is not cognizable because the NMBPUA does not create a private cause of action. (Doc. 21).

In response, Allison argues "that she be permitted to amend her Complaint to include [unpaid wages]." (Doc. 26) at 1. Allison further contends that she was "forced to use over 100 hours of leave and comp time in order to deal with the health problems" resulting from Defendants' failure to provide accommodations. (*Id.*) at 2. Allison did not plead any loss of leave or "comp" time in her Complaint. Allison's response does not address Defendants' argument that the NMBPUA does not create a private cause of action.

In her Motion to Amend, Allison requests leave to amend her complaint to include allegations that she used "over 100 hours of accrued leave during the period of time she alleges Defendants violated her protected rights under Section 207(r) of the [FLSA] and the

3

[NMBPUA]." (Doc. 27) at ¶ 5. Allison does contradict Defendants' argument that use of accrued leave time does not constitute unpaid wages or otherwise satisfy the elements of a FLSA claim under § 207(r), nor does Allison address the argument that the NMBPUA does not create or sustain a private cause of action.

II.     Standard of Review

In deciding whether a claim is subject to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Under Rule 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." As the Tenth Circuit has explained,

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a dispositive motion such as a motion to dismiss for failure to state a claim upon which relief can be granted. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

III. Discussion

A. FLSA Claim Under Section 207(r) Requires Unpaid Wages

An employer must provide:

> (A) a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and
>
> (B) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

29 U.S.C. § 207(r). Any employer who violates this provision "shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 216(b) further states that a court "shall, in addition to any judgment awarded to the plaintiff . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." However, "[a]n employer shall not be required to compensate an employee receiving reasonable break time under paragraph (1) for any work time spent for such purpose." 29 U.S.C. § 207(r)(2).

The Tenth Circuit has not considered whether § 216(b) provides any mechanism, other than unpaid wages, for enforcing § 207(r). Other courts have held that enforcement of § 207(r) is limited to unpaid wages. *See, e.g.*, *Mayer v. Professional Ambulance, LLC*, 211 F. Supp. 3d 408, 413 (D.R.I. 2016) ("FLSA limits liability for violations of Section 207(r) to 'unpaid

5

minimum wages.' (citing 29 U.S.C. § 216(b))); *Salz v. Casey's Marketing Co.*, 2012 WL 2952998, at * 3 (N.D. Iowa 2012) ("Section 216(b) provides that enforcement of Section 207 is limited to unpaid wages").

The Court agrees with the other courts to consider this issue that, based on the plain language of § 216(b), unpaid wages or unpaid overtime constitute a necessary element of FLSA claims for violations of § 207(r). Allison does not allege unpaid wages or unpaid overtime. Therefore, Allison failed to state a claim under 29 U.S.C. § 207(r), and Defendants' Motion to Dismiss Count I is granted.

In her proposed First Amended Complaint, Allison seeks to add the following relevant allegation:

> As a result of the Defendants' acts and failures to act in violation of federal and State statutes protecting mothers who needed to breast pump while at work, Allison was required to use over a hundred hours of leave or compensatory time to address, receive care for, and physically and emotionally handle the consequences of the circumstances created by Defendants.

(Doc. 27-1) at ¶ 20. Allison also alleges that FPD compensated employees for authorized breaks, including a lunch break. (*Id.*) at ¶ 23. Later, Allison claims that she "has suffered damages, including but not limited to, loss of wages and benefits to which she was entitled and emotional distress damages. At the time of the allegations related to violations of § 207(r), all of Allison's breaks were compensated for by the COF." (*Id.*) at ¶ 61.

While Allison references "loss of wages" in the proposed amended complaint, she makes clear in her Motion to Amend that she "had taken over 100 hours of accrued leave during the period of time she alleges Defendants violated her protected rights," and asserts, without citation or authority, that this use of leave or compensatory time constitutes a loss of "wages and benefits." (Doc. 27) at 1, 2.

6

The Tenth Circuit has not squarely addressed whether use of "accrued leave" or compensatory time—that is, paid time off—constitutes "unpaid wages" within the meaning of § 216(b). Courts to consider this question uniformly hold that damages under § 207(r) are limited to "lost wages attributable to the § 207(r) violation." *Lico v. TD Bank*, 2015 WL 3467159, at *3 (E.D.N.Y. 2015); *see also Clark v. City of Tucson*, 2018 WL 1942771, at *3 (D. Ariz. 2018) (quoting *Lico*, 2015 WL 3467159, at *3); *Tolene v. T-Mobile USA, Inc.*, 178 F. Supp. 3d 674, 680 (N.D. Ill. 2016) (holding private enforcement of § 207(r) limited to unpaid wages).

The Court concludes that use of compensatory or paid leave time does not fit within the narrow definition of "unpaid wages" that are compensable under § 207(r). Allison's proposed amended Count I fails to state a claim for relief under § 207(r), rendering the proposed amendment futile. Allison's Motion to Amend is denied as to Count I.

B. <u>NMBPUA Does Not Create a Private Cause of Action</u>

Section 28-20-2, the NMBPUA, passed the New Mexico State Legislature on March 13, 2007, and became effective June 15, 2007. The statute provides as follows:

> A. In order to foster the ability of a nursing mother who is an employee to use a breast pump in the workplace, an employer, including the state and its political subdivisions, shall provide:
>   (1) a space for using the breast pump that is:
>     (a) clean and private;
>     (b) near the employee's workspace; and
>     (c) not a bathroom; and
>   (2) flexible break times.
> B. An employer shall not be liable for:
>   (1) storage or refrigeration of breast milk;
>   (2) payment for a nursing mother's break time in addition to established employee breaks; or
>   (3) payment of overtime while a nursing mother is using a breast pump.

§ 28-20-2, NMSA 2010.

The parties have not identified, and the Court is not aware, of any cases or other material construing the NMBPUA as creating a private cause of action, nor considering the enforcement mechanism, if any, of the NMBPUA. The Court finds nothing in the text of § 28-20-2, its structure, or its history to suggest that the New Mexico State Legislature intended to create a private right of action. Further, the statute does not create a statutory remedy for violations of § 28-20-2. Rather, the NMBPUA imposes obligations on employers.

Had the legislature intended to create a private or statutory remedy to enforce the NMBPUA, it could have done so. Without such a remedy, Allison's claim under the NMBPUA is not cognizable. Therefore, Defendants' Motion to Dismiss Count III is granted and Allison's Motion to Amend with respect to Count III is denied.

IV. Conclusion

As explained herein, Allison's Complaint and proposed amended complaint both fail to state a claim upon which relief can be granted for Count I, under 29 U.S.C. § 207(r), and Count III, under § 28-20-2 NMSA 2010.

IT IS, THEREFORE, ORDERED that

1. Defendants' Motion to Dismiss Count I and Count III of Plaintiff's Complaint, filed September 20, 2018 (Doc. 21), is granted;

2. Counts I and III of Plaintiff's Complaint are dismissed without prejudice; and

3. Plaintiff Brittany Allison's Opposed Motion for Leave to Amend Complaint, filed October 9, 2018 (Doc. 27), is denied.

_____
UNITED STATES DISTRICT JUDGE